UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| CARLTON B. PARKS,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES, *et al.*,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:24-cv-5<br><br>Judge Atchley<br><br>Magistrate Judge Dumitru |

**ORDER & VEXATIOUS LITIGANT INJUNCTION**

For the last seven years, Carlton Parks has used the state and federal courts to wage a litigation war against Murray Guard, the TVA, and nearly every attorney, judge, and official who has come into contact with his cases. In this suit alone, he names over thirty defendants, and has attempted to add several more. Some are attorneys who had no apparent involvement in Plaintiff's prior cases, while others are judges who previously ruled against Parks. Many of his claims have been raised at least once before. Despite its length, the sixty-five page Amended Complaint makes no allegations at all as to several of the named Defendants. Plaintiff's years-long campaign of duplicative litigation must now come to an end.

For reasons that follow, Plaintiff will be **PERMANENTLY ENJOINED** from filing future petitions, complaints, or motions without first obtaining the Court's permission to file.

## I. LEGAL FRAMEWORK

The Court has the authority to restrict prolific litigants from repeatedly filing frivolous matters without first obtaining leave of court. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991); *Jones v. Kolb*, 91 Fed. Appx. 367, 369 (6th Cir. 2003). The United States Court of Appeals for the Sixth Circuit has held that restricting prolific litigators from filing any document without

prior approval by the Court is an appropriate way to manage such litigants. *Filipas v. Lemons*, 835 F.2d 1145, 1145 (6th Cir. 1987); *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir. 1998). "A prefiling review requirement is a judicially imposed remedy whereby a plaintiff must obtain leave of the district court to assure that the claims are not frivolous or harassing." *Raimondo v. United States*, 2022 WL 3581144 (E.D. Mich. Aug. 19, 2022). Such a requirement is appropriate when a litigant has demonstrated a pattern of repetitive or vexatious litigation, particularly where "a litigant is merely attempting to collaterally attack prior unsuccessful suits." *Id.*

To impose such a restriction, the Court must "'identify a pattern of repetitive, frivolous, or vexatious filings.'" *United States v. Petlechov*, 72 F.4th 699, 710-711 (6th Cir. 2023) (quoting *Feathers,* 141 F.3d at 269); *In re Moses*, 2026 WL 1945704, *1 (6th Cir. June 30, 2026) ("Before imposing restrictions, however, the district court must justify its rationale by identifying the party's pattern of repetitive and vexatious filings."). Although litigiousness alone is not sufficient to support an injunction, "a pattern of filing repetitious or frivolous actions is a waste of judicial resources," and because the Court has a "responsibility to see that [judicial] resources are allocated in a way that promotes the interests of justice . . . the Court may impose sanctions on [litigants who] continue to file repetitious or frivolous claims." *Porter v. D + C Recovable Family Trust,* 2024 WL 967575, *2 (D. Mass. Mar. 6, 2024) (internal quotations omitted); *see also Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021) ("[A] plaintiff's duplicative complaint is an abuse of the judicial process."); *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) ("When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process.").

## II. FACTUAL AND PROCEDURAL BACKGROUND

### a. Litigation Against the City of Chattanooga, 1999 to 2009

While this series of lawsuits began in 2019, it is not Carlton Parks's first foray into pro se litigation. Beginning in 1999, Plaintiff filed at least five lawsuits arising out of the loss of his employment as a Chattanooga police officer. While the underlying facts are not relevant, the chronology of the litigation demonstrates that Mr. Parks has been employing the same litigation tactics for decades – bringing claims that are duplicative, time-barred, precluded, or against defendants who are immune in multiple courts.

Parks filed his first action in 1999 in the United States District Court for the Eastern District of Tennessee, naming the City of Chattanooga, the City's attorney, and several others as defendants. *See Parks v. City of Chattanooga*, 2007 WL 27122, * 2 (Tenn. Ct. App. Jan. 4, 2007) (detailing Parks's litigation history). His claims were dismissed, he appealed, and the Sixth Circuit affirmed dismissal. *See id.*; *Parks v. City of Chattanooga*, 74 F. App'x 432 (6th Cir. 2003).

While the appeal was pending in the Sixth Circuit, Parks filed a second, related lawsuit against the City and several other defendants in the District Court. *See Parks v. City of Chattanooga*, 2007 WL 27122 at * 4. That case was also dismissed on summary judgment and Parks appealed. *See id.* at *5. The Sixth Circuit affirmed that dismissal too, finding only that "no jurisprudential purpose would be served by a panel opinion." *Parks v. City of Chattanooga*, 121 F. App'x 123 (6th Cir. Feb. 15, 2005), *rehearing en banc denied May 16, 2005.*

"Undeterred by his lack of success in the federal court system," Parks filed a lawsuit in the Hamilton County Circuit Court in 2005. *Parks v. City of Chattanooga*, 2007 WL 27122 at * 5. He again sued the City and others, all of whom had been previously named in one or both of his prior actions. *Id.* The Hamilton County Circuit Court found that the 2005 case arose out of events in

1998, and that Parks had already brought two lawsuits arising out of the same circumstances, both of which were dismissed. *See id.* at *6. The action was barred by the applicable statute of limitations and also by "the doctrine against splitting causes of action." *See id.* On appeal, the Tennessee Court of Appeals agreed and affirmed, finding Parks's claims were barred by *res judicata*. *Id.* at *9.

At some point, Parks filed another lawsuit in the District Court, this time naming a judge, several prosecutors, the State of Tennessee, and Hamilton County, Tennessee, as defendants. *See Parks v. State*, 2007 WL 516396, *1-2 (Tenn. Ct. App. Feb. 20, 2007) (detailing litigation history). The District Court dismissed these claims as well. *See id.* at *3.

"[U]ndaunted by the lack of success in his first four lawsuits," Plaintiff filed yet another lawsuit in the Circuit Court for Hamilton County on March 28, 2005. *Id.* He named the same defendants as he had in his fourth lawsuit. *Id.* After dismissal of his claims, he again appealed. *Id.* The Tennessee Court of Appeals found that his were claims time-barred, that the State and its employees were entitled to sovereign immunity, and that several defendants were entitled to judicial and prosecutorial immunity. *Id.* That decision was issued February 20, 2007. *Id.*

Parks filed yet another lawsuit against the City. *Parks v. City of Chattanooga*, 2009 WL 3460449 (Tenn. Ct. App. Oct. 28, 2009). As the Court of Appeals observed, while Parks had "give[n] his lawsuit a sort of make-over," the operative facts remained the same. *Id.* "The plaintiff appears to believe that he can file the same exact lawsuit over and over again, hoping to someday win what he has always lost." *Id.* at *1. His claims were again barred by the doctrine of *res judicata* and their dismissal affirmed. *Id.*

The underlying facts and even the claims themselves are not important.[1] The salient point is that multiple state and federal courts have explained to Mr. Parks that he cannot bring the same or similar claims over and over again in different courts and he cannot bring claims against defendants who are immune from suit. Yet his claims in this case suffer from the same defects as those in his prior litigation against the City of Chattanooga – they are time-barred, precluded by *res judicata*, against defendants who are immune from suit, or all of the above.

**b. Litigation Related to Murray Guard Employment**

That brings us to the present series of cases, beginning with Plaintiff's suit against Murray Guard in 2016 in the Hamilton County Chancery Court. *Parks v. Murray Guard, Inc.*, No. 2016-CV-817 (Hamilton County Chancery Court). Plaintiff signed a settlement agreement in late 2018 and the case was dismissed by consent in early 2019. There is no reason to believe this piece of litigation was frivolous or vexatious. But despite agreeing to settle the case, releasing Murray Guard from all liability, and receiving settlement funds, the instant action again asserted claims against Murray Guard arising out of Parks's 2013 to 2014 employment.[2]

A year after his settlement with Murray Guard, Parks then sued attorney Adam Holland for malpractice in his representation of Parks in the Chancery Court litigation. *Parks v. Holland*, No. 19C1440 (Hamilton County Circuit Court, filed December 27, 2019); *see* [Doc. 166 at 5-6]. Those claims were dismissed and the dismissal affirmed on appeal. As the Court has elsewhere explained,

---

[1] Plaintiff appears to believe that the Court and others have been influenced by the subject matter of these prior cases and become biased against him based on dismissed or expunged criminal charges. For avoidance of doubt, the circumstances that gave rise to Plaintiff's prior lawsuits have nothing at all to do with the instant matter. The Court has no interest in the underlying facts and recounts the litigation history only to demonstrate that Plaintiff has engaged in the same litigation tactics for over twenty years.

[2] Discussed in greater detail in the Court's September 10, 2026, Memorandum Opinions at [Doc. 164] and [Doc. 166].

*see* [Doc. 166 at 5-6], the Amended Complaint [Doc. 15] explicitly sought to "reinstitute" Parks's action against Holland, bringing exactly the same claims five years later. And he sued not only Attorney Holland and his former law firm, but the lawyer that represented Holland in the malpractice suit, the judge who presided over the action in the Circuit Court, and a Tennessee Court of Appeals judge.

Around the time Parks sued Holland for malpractice in 2019, he also sued the Tennessee Valley Authority and several of its officers/employees in this District Court. Parks argued TVA was his joint or statutory employer in 2013 or 2014. District Judge McDonough held that TVA was not his employer and dismissed all claims against TVA. *See Parks v. Lyash*, et al., Case No. 1:19-cv-349 (E.D. Tenn.) [Docs. 34, 100 & 158] ("*Parks I*"). On appeal, the Sixth Circuit affirmed, explicitly holding that the TVA was not Parks's employer. *Id.* [Doc. 163]. Yet the instant case again asserts that Parks was employed by TVA over a decade ago, a claim he makes dozens of times in his briefing and pleadings. [Doc. 165]. And his claims are largely identical to those he brought in *Parks I* and against the exact same TVA Defendants. Perhaps unsurprisingly, the instant action also names District Judge McDonough, Magistrate Judge Steger, and Sixth Circuit Judge Sutton as Defendants, claiming they all refused to consider Plaintiff's arguments and evidence or treated him unfairly in *Parks I*. *See* [Doc. 167].

**c. Litigation Conduct in This Case**

The vexatiousness of Plaintiff's litigation is not confined to his pattern of bringing the same claims in multiple lawsuits and fora. He has also demonstrated a clear pattern of disregarding the Local Rules of this Court, the Federal Rules of Civil Procedure, and orders of the Court.

Initially, Plaintiff's Amended Complaint [Doc. 15] and the many proposed amendments and supplements thereto fail to comply with basic pleading standards set forth in the Federal Rules

of Civil Procedure. "To satisfy basic pleading requirements, a plaintiff's complaint must be sufficient to give defendants 'fair notice of what the plaintiff's claims are and the grounds upon which they rest.'" *Etheredge v. Yost*, 2024 WL 712277, at *2 n.1 (N.D. Ohio Feb. 21, 2024) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (citation omitted, cleaned up). And that standard applies to pro se pleadings, too. *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012); *Etheredge*, 2024 WL 712277, at *2 ("Even under the liberal standard applicable to *pro se* pleadings, the unclear, vague, and conclusory assertions and sentence fragments set forth in the complaint fail to meet basic pleading requirements.").

More specifically, Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). These requirements are not met when a complaint "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." *Harrell v. Dirs. of Bur. of Narcotics & Dangerous Drugs*, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); *Windsor v. A Federal Executive Agency*, 614 F. Supp. 1255 (M.D. Tenn. 1983) (ordering amendment where 47-page complaint was deemed excessive, confusing, and distracting); *Flayter v. Wis. Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) (dismissing 116-page complaint as non-complaint with Rule 8(a)(2)); *Harold v. Wells Fargo Bank Assoc.*, 2016 WL 6902550, at *3 (W.D. Tenn. Nov. 2, 2016) (collecting similar cases).

Plaintiff has also repeatedly ignored the Local Rules of this Court, filing numerous "notices" and "supplements" that are in truth improper attempts to amend his pleadings. On January 22, 2025, Judge Varlan issued a Memorandum Opinion and Order [Doc. 118], striking many of these documents. The Court noted that while many of these documents were labeled

"notices," they in fact contained repeated or new allegations. Similarly, Plaintiff filed a number of improper surreplies to motions to dismiss. On April 10, 2025, Judge Varlan granted motions to strike aimed at this improper supplemental briefing. [Doc. 123].[3]

In between those two Orders, Plaintiff had also filed a "Motion Objecting to District Court Varlan's Acting Sua Sponte Dismissing the Notices Alerting Him to Recent Developments." [Doc. 120]. In denying that Motion – which sought no specific relief from the Court – Judge Varlan noted that "[P]laintiff's repeated filing of unnecessary and improper documents on the record in this case clogged the Court's docket and wasted judicial time and resources." [Doc. 125 at 2]. Judge Varlan ultimately stayed the case to give the Court time to resolve the pending motions to dismiss, many of which raised immunity issues. [Doc. 128].

The stay did not deter Plaintiff from continuing to file meritless motions and notices. Several months into the stay, he filed a Motion for Leave to Amend [Doc. 130], and then a Motion to Approve [Doc. 133] that Motion to Amend [Doc. 130], incorrectly claiming it was unopposed. On the same day, he filed a Motion for Injunctive Relief [Doc. 134], another transparent attempt to amend his pleadings. And he did this after Judge Varlan had already explained that pleadings cannot be amended except by leave of the Court and in accordance with the Local Rules. *See* [Doc. 118]. Several months later, he filed a series of motions to perpetuate deposition testimony pursuant to Federal Rule of Civil Procedure 27, notwithstanding the stay and without regard for the requirements and inapplicability of that Rule. He then again moved to supplement the complaint [Doc. 144], again failing to comply with the Local Rules regarding amendment.

---

[3] Mr. Parks did the same thing in *Parks I*, filing unauthorized supplemental briefing on several occasions. Those unauthorized surreplies / supplemental briefs were stricken by the Court. *Parks I*, [Docs. 100 & 158].

More recently, Mr. Parks has attempted to inject his daughter's completely unrelated claims from a different lawsuit into this litigation. His proposed third amended complaint sought to add claims against Judge Steger based on his rulings in *Kristian T. Parks v. Deibel Laboratories, LLC*, 1:23-cv-309, (E.D. Tenn. Sept. 15, 2025). [Doc. 154-1]. Parks was not a party to that action and it has no relationship to the instant case, but he argues the merits of that case at length, insisting various rulings were so legally erroneous that the only explanation could be racial bias.

## III. RESPONSE TO ORDER TO SHOW CAUSE

The Sixth Circuit has recently held that a district court abuses its discretion "by failing to give [plaintiff] notice of its intent to sanction [him] and an opportunity to be heard before imposing the prefiling restrictions." *In re Moses*, 2026 WL 1945704, at *1 (6th Cir. June 30, 2026). Accordingly, the Court entered an Order to Show Cause [Doc. 171], laying out the foregoing litigation history in its entirety. The Order stated: "Mr. Parks is **PUT ON NOTICE** that the Court intends to permanently enjoin him from filing any new petitions or complaints in this Court or from making any new filings in any closed cases without seeking and obtaining the Court's permission to file." [*Id.* at 9]. The Court ordered Mr. Parks to show cause why he should not be so enjoined and warned that if his response failed to set forth a legitimate reason why he should not be enjoined, he would be deemed a restricted filer. [*Id.*].

Plaintiff's Response [Doc. 174] accuses the judges of the Eastern District of Tennessee and Hamilton County of "tak[ing] pride in the abuse, injustice, and oppression of African Americans . . . through the court system." [Doc. 174 at 2]. He asserts that there is a two-tiered system, one for African Americans and another for Caucasians. [*Id.*]. He accuses the undersigned of dismissing his claims "to protect his Colleagues legal failures; intentional omissions; official oppression; public corruption; criminal conspiracy; civil conspiracy; fraud; U.S. Constitution deprivations

and/or civil rights violations; unethical behavior; and White Collar Crime with racial animus in East Tennessee." [*Id.*]. And he asserts "[t]his is the ideology and methodology of the Ku Klux Klan and enforcement of Jim Crow Laws." [*Id.*]. He proceeds with a discussion of the history of the Ku Klux Klan in Tennessee and elsewhere. [*Id.* at 3-4].

As to his prior litigation against the City of Chattanooga, he explains that the Sixth Circuit "ignored the evidence in the record used to substantiate the civil claims." [*Id.* at 5]. He concedes he filed other lawsuits "based on evidence," but urges that he does not qualify as a vexatious litigant "according to case law." [*Id.*]. The caselaw he cites simply confirms that parties may litigate cases on their own behalf by appearing pro se. [*Id.*]. The remainder of the Response is devoted to attempting to relitigate his claims in this case and prior cases. [*Id.* at 5-9].

Plaintiff's Response [Doc. 174] fails to set forth good cause why he should not be subject to prefiling restrictions. To the contrary, it demonstrates his continued refusal to address relevant issues in his briefing, even at the express direction of the Court. The history of legally-sanctioned racial discrimination and violence in the United States simply has nothing to do with whether Mr. Parks can sue his 2014 employer a second time for claims he settled a decade ago. It has nothing to do with whether he can repeatedly sue the TVA when his claims have been resolved by the District Court and affirmed by the Sixth Circuit. And it does not change the fact that Mr. Parks – like all litigants that come before this Court – must comply with orders of the Court, the Local Rules, and the Federal Rules of Civil Procedure. Mr. Parks has demonstrated his ability to marshal facts and engage in legal reasoning when it suits him, so his refusal to do so when requested by the Court cannot only be construed as intentional.

Finally, Mr. Parks rightly asserts that he is entitled to vindicate his constitutional rights in this Court. He is correct, and a prefiling restriction will not deprive him of that right.

## IV. VEXATIOUS LITIGANT DETERMINATION

While disregarding the legal conclusions of nearly every judge who has presided over his many lawsuits, Carlton Parks continues to seek relief from the Court as to decade-old disputes, precluded claims, and frivolous new grievances. All of it he connects to a conspiracy against him that is as vast as it is unfounded. The extent to which Mr. Parks's duplicative lawsuits and vexatious litigation tactics have taxed the limited resources of the Court is difficult to overstate. Since receiving this case less than 6 months ago, the Court has now entered roughly 130 pages of orders resolving Mr. Parks's myriad claims, motions, and objections. It is long past time that Mr. Parks be required to comply with the Local Rules, Federal Rules of Civil Procedure, and orders of the Court.

Based on his litigation conduct, the Court finds that Carlton Parks has demonstrated a pattern of filing duplicative, legally frivolous, and procedurally improper motions and pleadings. His habit of filing lengthy and repetitive briefing that ignores controlling law and purports to add myriad claims and allegations to his case has made the task of resolving even the most meritless claims incredibly burdensome. His litigation history strongly suggests that he will persist in his current pattern of frivolous and time-consuming litigation. As with all vexatious filings, the public is assuming the costs associated with Mr. Parks's abusive filings. The Court therefore finds that nothing less than a comprehensive filing injunction will be adequate to prevent Mr. Parks from further wasting judicial resources.

In entering this injunction the Court notes that these prefiling restrictions will not be unduly burdensome on Parks. Federal Rule of Civil Procedure 11 already requires Mr. Parks to ensure that his claims "are warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). As

other courts have noted, "[t]he prefiling restrictions in this Order simply require him to 'show his work.'" *Alshara v. All Pro Logistics, LLC,* 2026 WL 2087287, *5 (E.D. Mich. July 20, 2026).

Accordingly, Carlton B. Parks is **PERMANENTLY ENJOINED** from filing any new petitions or complaints in this Court or from making any new filings in any existing or closed cases without seeking and obtaining the Court's permission to file.

To obtain the Court's permission to file, Carlton Parks **MUST** submit to the Court:

1. A copy of the proposed petition, complaint, or document to be filed.
2. A "Motion Pursuant to Court Order Seeking Leave to File," which must include as exhibits:
   a. A copy of this Order;
   b. A declaration prepared pursuant to 28 U.S.C. § 1746, or a sworn affidavit, certifying that:
      i. The petition, complaint, or other document raises a new issue which has never been previously raised by Carlton Parks in this or any other court;
      ii. The claims asserted in the petition, complaint, or other document are not frivolous; and
      iii. The petition, complaint, or other document is not filed in bad faith.
   c. A statement that lists:
      i. The full caption of every suit that has been previously filed by Carlton Parks or on his behalf in any court against every defendant named in any new suit he wishes to file; and
      ii. The full caption of every suit that Mr. Parks has filed that is currently pending.

The Clerk's Office is **DIRECTED** to identify Carlton Parks as a **RESTRICTED FILER** in CM/ECF and to reject any proposed filings by Mr. Parks that do not contain the required Motion Pursuant to Court Order Seeking Leave to File and required exhibits.

The Court may deny any motion for leave to file if the proposed filing is frivolous, vexatious, or harassing, or otherwise fails to comply with this Order. If the motion is denied, the document shall not be filed and shall be returned to Mr. Parks.

Additionally, the Court may dismiss any action removed or transferred to this Court that has been improperly filed in another court in attempt to circumvent this Order. The Clerk's Office shall automatically enter a stay upon the removal or transfer of any case to which Mr. Parks is a party. No filings by the enjoined litigant will be accepted in such a case until the Court reviews the proposed action.

The Court may dismiss any action initiated by the inadvertent filing by the Clerk's Office of any document submitted by Carlton Parks that has not been approved for filing in compliance with this Order. Failure to comply with this Order may result in the imposition of sanctions against Plaintiff.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**